The order of the District Court, which directed the trustee to pay over this amount, is affirmed.

---

## BORDERLAND COAL SALES CO. v. IMPERIAL COAL SALES CO.

(Circuit Court of Appeals, Sixth Circuit. July 3, 1925.)

### No. 4280.

**1. Appeal and error ⚖⇒181—Errors cannot be considered, in absence of objections made and exceptions taken in trial court.**

Appellate court can consider only errors to which objections have been made and exceptions taken in the trial court, except in criminal cases, where errors not properly objected or excepted to may be considered to prevent miscarriage of justice within sound discretion of reviewing court.

**2. Appeal and error ⚖⇒273(5)—Refusal of instructions not reviewed, in absence of separate exception to refusal of any one.**

Where no exceptions were taken to general charge nor any separate exception to refusal to charge any one request, notwithstanding there was a general exception to refusal of court to give all requests, alleged errors in charge and general exception to refusal to give requests cannot be considered on appeal.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

At Law. Action by the Imperial Coal Sales Company against the Borderland Coal Sales Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles J. Hunt, of Cincinnati, Ohio (Hunt, Bennett & Utter, of Cincinnati, Ohio, on the brief), for plaintiff in error.

Edgar M. Powers, of Cincinnati, Ohio (Frank E. Wood, of Cincinnati, Ohio, on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. The Imperial Coal Sales Company brought action against the Borderland Coal Sales Company to recover damages for breach of two contracts—one for the purchase of 15 carloads of New River Sewell seam coal from Quinwood, W. Va., to be shipped to the Chicago By-Products Coke Corporation at Hawthorne, Ill., the other for the purchase of 50 carloads of New River smokeless coal, to be shipped to the same consignee. Fourteen cars were shipped upon the first contract and 32 on the second. All this coal was rejected by the By-Products Company, and the defendant refused to accept or pay for the same. The defendant denies that it entered into either of these contracts, and further avers that, if any contracts were made, they were each verbal contracts for merchandise in excess of $2,500 in value, and void under the provisions of section 8381 (1) of the General Code of Ohio. At the close of all the evidence defendant moved for a directed verdict, which motion was overruled by the court, but no exceptions were taken. It is claimed upon behalf of the plaintiff in error that the refusal of the court to direct a verdict for defendant embodies all of the 12 errors assigned, and is the logical result of the errors assigned as to the charge given and special charges refused.

[1] This record, however, presents no such question. An appellate court can consider only errors to which objections have been made and exceptions taken in the trial court. The only exception to this general rule is in criminal cases, where federal courts of review may sometimes, in the exercise of sound judicial discretion, and to prevent miscarriage of justice, notice error in the trial to which no exceptions or objections have been taken. Wiborg v. U. S., 163 U. S. 632, 659, 16 S. Ct. 1127, 1197, 41 L. Ed. 289; Robilio v. U. S. (C. C. A. 6) 291 F. 975, 980; Wilkes et al. v. U. S. (C. C. A. 6) 291 F. 988, 994; Goldfarb v. Keener, (C. C. A.) 263 F. 357.

[2] No exceptions were taken to the general charge of the court, nor was any separate exception taken as to the refusal to charge any one request, but there was a general exception to the refusal of the court to give all of these requests, and only requests 3, 4, and 5 are exhibited by the record.

For the reasons stated in the authorities above cited, and in Hindman v. U. S. (C. C. A. 6) 292 F. 679, 682, alleged errors in the charge and this general exception to the refusal to give defendant's requests cannot be considered, and especially in this case where it appears from the record that counsel admitted that these requests are all covered "in a way" in the general charge and, upon invitation of the court, refused to specify wherein any one of these charges was not covered, and wherein the general charge misstated any proposition of law applicable to the facts in this case, and for the further reason that all the requests to which this general exception is directed do not appear

in this record. Notwithstanding the absence of exceptions, we have carefully examined this record, and are of the opinion that no errors are exhibited therein to the prejudice of the plaintiff in error.

The judgment of the District Court is affirmed.

---

## FORDSON COAL CO. v. JACKSON.

(Circuit Court of Appeals, Sixth Circuit. July 17, 1925.)

No. 4244.

1. **Assignments ⬙119—Assignee could, after assignment, prosecute action in assignor's name during his life, or be substituted for him as plaintiff.**

In suit to quiet title, where plaintiff, pending litigation, assigned his interest in the premises to another, assignee had the right, under Civ. Code Prac. Ky. § 20, to prosecute action in assignor's name during his life, or be substituted for him as plaintiff.

2. **Abatement and revival ⬙41—Plaintiff must still be in esse after transfer of his interest to permit proceedings to continue in his name.**

When interest of sole plaintiff has been transferred pending litigation, he must still be in esse, after the transfer, to permit proceedings to continue in his name.

3. **Abatement and revival ⬙41 — Substitution of real party in interest for nominal plaintiff might have been made at any time, but judgment rendered without substitution void.**

Where plaintiff in suit to quiet title, pending litigation, assigned his interest to another, and was continued as nominal plaintiff, though order of substitution might have been made at any time, under Civ. Code Prac. Ky. § 20, irrespective of section 509, limiting time for reviving action, judgment rendered without any substitution was void.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by the Fordson Coal Company, vendee of and successor to George V. Turner, deceased, against Mat Jackson. Judgment for defendant, and plaintiff brings error. Writ dismissed.

Cleon K. Calvert, of Pineville, Ky. (W. R. Middleton and Clifford B. Longley, both of Detroit, Mich., on the brief), for plaintiff in error.

Martin T. Kelly, of Pineville, Ky., for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. This is an action at law to try title to real estate. It was brought April 24, 1909, by George V. Turner, who alleged that he was the owner and entitled to immediate possession of a tract of land upon which defendant Jackson had entered and detained the possession. Defendant answered, denying that plaintiff was the owner or entitled to possession of the land. He also interposed several affirmative defenses, upon which issue was joined. The first trial resulted in a judgment in favor of the plaintiff, which was set aside. On the retrial judgment was rendered for defendant on December 1, 1923, to review which this writ is brought.

[1] Defendant has asked a dismissal of the writ on the ground that the Fordson Coal Company was improperly substituted as plaintiff for Turner more than a year after his death. Counsel rely on section 509 of the Civil Code of Kentucky, which provides that an order to revive an action in the name of a representative or a successor of a plaintiff shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made. Turner conveyed his interest in the land April 13, 1910, to the predecessor of the Fordson Coal Company. He died in September, 1922, and the order reviving the action and substituting the Fordson Coal Company as plaintiff was not made until May 24, 1924. Under section 20 of the Kentucky Code of Practice the coal company had the right, after the assignment, to prosecute the action in Turner's name during his life, or to be substituted for him as plaintiff. It was under this permissible state procedure (Gerling v. B. & O. R. Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311) that Turner was continued as the nominal plaintiff, although the coal company was the real party in interest.

[2, 3] Turner was dead when the cause was tried and the judgment rendered. Upon his death the action was suspended temporarily. When the interest of the sole plaintiff has been transferred pending the litigation, he must still be in esse after the transfer in order to permit the proceedings to continue in his name. La Pointe v. O'Malley, 47 Wis. 332, 2 N. W. 632, and authorities cited. It was not necessary to have the action revived after Turner's death. The order of substitution might have been made at any time under section 20 of the Code, without regard to section 509; but no valid proceedings could be had on the merits until